#### UNITED STATES DISTRICT COURT
#### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES COTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.: 20-3111-JBM |
| | ) |
| CAMERON WATSON, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW

Plaintiff, proceeding *pro se*, at the Western Correctional Center (Western), files a complaint under 42 U.S.C. § 1983 against 12 Defendants, alleging deliberate indifference to his serious medical needs. The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

On May 10, 2018. At approximately 6:30 p.m., Plaintiff rolled his ankle while walking down a flight of stairs. Plaintiff experienced swelling of his ankle and told an unidentified officer who indicated that he would put Plaintiff in for sick call. At 9:30 p.m., the officer spoke with Jane Doe #1, a nurse who was passing medication, telling her Plaintiff's ankle injury. Plaintiff does not reveal what treatment, if any, that Defendant Jane Doe #1 offered. Later, however,

1

Plaintiff asked the officer when he would be seen in the healthcare unit. The officer told that the healthcare unit was short-staffed, and he would have to wait to be seen until the following day. While it is not clear, it appears that this officer is the individual whom Plaintiff intends to name as Defendant John Doe #1.

We can assume that Plaintiff was seen the following day, as he next pleads that on May 14, 2018, he went back to the healthcare unit where he was seen by Defendant Nurse Practitioner Smith. Defendant Smith told Plaintiff that he had a simple ankle sprain which would heal in 4 to 12 weeks. She provided him an ace bandage and crutches and told him not to put weight on the foot. Plaintiff alleges that Defendant Smith was deliberately indifferent as she diagnosed and ankle sprain without first undertaking x-rays.

On an unidentified date, Plaintiff was seen by Nurse Practitioner Defendant Miller. Defendant Miller advised Plaintiff that he had a partial tear of his Achilles tendon. Despite this, she discontinued the use of crutches, merely advising Plaintiff not to jump or run on the injured foot. On another unidentified date, Plaintiff was seen by Defendant Dr. Shah, who acknowledged that the ankle was swollen. Defendant Shah prescribed an unidentified medication which allegedly could have caused Plaintiff to develop high blood pressure and diabetes, and otherwise told him there was nothing he could do for him.

On December 18, 2018, Plaintiff was taken to Passat Hospital where he was seen by a rehabilitation specialist. This individual prescribed exercises which Plaintiff did not follow, believing that if he had done so, he would have hurt himself. Plaintiff claims that the specialist at Passat should have ordered an MRI and should have referred him to another outside doctor. Plaintiff indicates that he was seen by Defendant Dr. Trusewych, without providing any detail as to the visit. Plaintiff also claims that he sent Dr. Trusewych a letter to which there was no

response, requesting to be seen by a podiatrist, to undergo an MRI and to be provided a brace. Plaintiff offers nothing, however, to identify the relationship between himself and Defendant. Plaintiff does not indicate whether Defendant Trusewych was employed at Western, at Passant Hospital, or elsewhere.

Plaintiff pleads that on December 21, 2018, he was to start physical therapy. Plaintiff does not affirmatively state that the therapy was to his ankle or indicate whether it was scheduled at Western or at an outside facility. Plaintiff was seen on that day by Defendant Nurse Jane Doe #2, who could not find Plaintiff's paper work or restraint band, cancelling the appointment. On December 22, 2018, Plaintiff was to be seen by Defendant Jane Doe #3 for a second therapy appointment. Doe Defendant #3 also did not have the paperwork and gave Plaintiff a restraint band without instructing him on how to use it.

Plaintiff alleges that Wexford is "aware of the practices of medical staff" and therefore responsible for their actions. Plaintiff also alleges Warden Watson and Health Care Administrator Ashcroft are liable for deliberate indifference as he grieved the matters to them, but they did not reply.

## ANALYSIS

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A Plaintiff alleging deliberate indifference must show (1) that the professional knew of the serious medical need, and (2) disregarded that need. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir 1998), citing *Farmer*, 511 U.S. 825, 837 (1994). Mere negligence, or even gross negligence, does not constitute deliberate indifference. *Id* at 590. Similarly, a prisoner's dissatisfaction with a doctor's prescribed course of treatment

does not give rise to a constitutional claim unless the medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes* at 591, citing, *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir. 1974).

Plaintiff fails to state a deliberate indifference claim as to either Doe Officer #1 or Nurse Jane Doe #1 for the events of May 10, 2018. Plaintiff fails to plead any facts to support that Jane Don't #1 was deliberately indifferent to him. As to the Doe Officer, the Officer told the nurse of Plaintiff's issue and advised him that he would be seen the following day. It does not appear that Plaintiff's case represented an emergency as, when he was seen, he was merely diagnosed with a sprained ankle, a fact which Plaintiff does not dispute. *Johnson v. Doety,* 433 F.3d 1001, 1011 (7th Cir. 2006) "If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that this prisoner is in capable hands."

As to Defendant Smith, when she saw Plaintiff on May 14, 2018, she diagnosed a sprained ankle and provided him crutches and an ace bandage. While Plaintiff wanted an x-ray done, he does not allege that his ankle was fractured, as would warrant an x-ray. Plaintiff, therefore, fails to plead deliberate indifference as to Defendant Smith.

While Plaintiff might otherwise state a claim as to Nurse Practitioner Miller, he fails to plead sufficient facts in support. He claims only that Defendant Miller diagnosed a partial tear of his Achilles tendon and discontinued the use of the crutches. Plaintiff does not allege that he suffered pain or exacerbation of the injury due to the lack of crutches.

Plaintiff fares no better with his allegations as to Defendant Shah. He asserts that Defendant noted that the ankle was swollen and prescribed him medication. He does not claim that the medication was ineffective or that he saw Defendant Shah on a subsequent occasion and so informed him. Plaintiff's claims that the medication "could have" caused hypertension

4

or diabetes does not state a claim.

Plaintiff alleges that he grieved the matters to Warden Watson and Health Care Administrator Ashcroft but did not receive a reply. Section 1983, however, limits liability to public employees "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009). "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.…the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Id*. at 595. Defendants Watson and Ashcroft are DISMISSED.

Plaintiff also alleges that Wexford is responsible due to the inaction of medical staff. The doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). As a result, Wexford may be liable for a constitutional injury under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), only where the injury is caused by it policy or practice. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff makes no such allegations here and Wexford is DISMISSED.

The claims as to Jane Does #2 and #3 involve the failure to provide therapy due to lack of proper paperwork. Plaintiff does not claim whose responsibility it was to provide the paperwork, indicating only that Defendants could not undertake therapy due to its lack. These allegations, even if squarely directed against Does #2 and #3 are more in the nature of negligence which is not actionable in a § 1983 claim. They are DISMISSED as well.

Plaintiff's claims that the unidentified Passat Hospital specialist and Dr. Trusewych should have referred him for an MRI also fails. Plaintiff plead nothing to support that such referral was needed. In addition, he does not support that either physician was acting under color

of law so as to be liable in a § 1983 claim.

      **IT IS THEREFORE ORDERED:**

      1.      Plaintiff's amended complaint is dismissed for the reasons identified and the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have an opportunity, within 30 days, to replead. The pleading is to be captioned Amended Complaint and is to contain all of Plaintiff's claims without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case without prejudice.

      2.      Plaintiff files [5], a motion for recruitment of *pro bono* counsel, providing declination letters from two attorneys' offices. The Court does not find this a sufficient showing of a goof faith effort to attempt to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, at least a few more attorneys' offices.

  10/21/2020                                     s/Joe Billy McDade  
ENTERED                                       JOE BILLY McDADE  
                                             UNITED STATES DISTRICT JUDGE